# WAYNE ELVIN YADON, *Respondent,*
## *v.*
# STATE OF OREGON, *Appellant.*
## (No. 77-12-270, CA 11444)

591 P2d 402

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Carrell F. Bradley, Hillsboro, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

The state appeals an order granting post-conviction relief to petitioner under ORS 138.510 to 138.680, which order not only set aside petitioner's conviction for driving under the influence of intoxicants (DUII), but also dismissed the underlying complaint for reasons of prejudice to the defense in not being afforded a speedy trial. The state contends that the circuit court was without jurisdiction to dismiss that complaint on those grounds in a post-conviction proceeding.

Petitioner was convicted without a jury of DUII on August 5, 1977, prior to the decision in *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977), which held that the defendant in DUII cases is entitled to a jury trial. Petitioner preserved his right to a jury trial by requesting one both prior to and at the time of his trial. Both motions were denied and the case was decided by the trial judge under a stipulation to present the case on the arresting officer's written report. Two weeks after the conviction, the man petitioner now claims to be his principal witness died. Following the *Brown* decision, petitioner brought a post-conviction relief proceeding requesting that his conviction be set aside and either the complaint be dismissed or a new trial be ordered. The court entered an order on January 12, 1978, setting aside the conviction and remanding the DUII complaint to the district court for a new trial. Neither party appealed that order; however, on April 7, 1978, the petitioner's attorney filed a motion for leave to file an amended petition asserting that subsequent to the order he had learned of the key witness's death, which thereby prejudiced petitioner's ability to defend himself. The court held a hearing on that motion on May 8, 1978, at which time the court granted the motion and, *sua sponte* and without citing any authority, vacated its earlier order. Petitioner's amended petition adding allegations concerning the death of the witness was

[117]

granted, including dismissal of the DUII complaint, and the state appeals.

It is not necessary to reach the state's claim of error regarding the scope of permissible post-conviction relief because we hold that it was error for the trial court to grant the motion for leave to amend the petition for post-conviction relief. At that time the court no longer had subject matter jurisdiction over the proceeding. Once the time to appeal the court's January order setting aside the conviction had passed, there was not a conviction upon which a petition or an amended petition for post-conviction relief could be based. As far as the circuit court was concerned, there had been a final disposition, and jurisdiction over the DUII case was in the district court.[1]

Therefore, the circuit court's order vacating its previous order was without effect. The cause was properly remanded for a new trial in the district court. If defendant has been prejudiced by the delay he still may raise that claim in district court at his new trial.

Reversed and remanded.

---

[1] The only possible grounds for setting aside a final order when the time for appeal has passed is ORS 18.160, which states:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

Petitioner did not prove any of those grounds in his motion for leave to amend his petition nor did he even request that the January order be set aside.