Argued and submitted March 3, affirmed June 14, 1989

STATE OF OREGON,
*Respondent,*

*v.*

THOMAS EDWARD MILLS, IV,
*Appellant.*

(85-446; CA A50596)

775 P2d 328

Bill Sharp, Eugene, argued the cause for appellant. With him on the brief was Morrow, Monks & Sharp, P.C., Eugene.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals an order setting aside a previous order that set aside his conviction. Defendant had been convicted in 1985; imposition of sentence was suspended and he was put on probation for 5 years. In August, 1988, defendant moved to have the conviction set aside, pursuant to ORS 137.225(1)(a). On September 20, 1988, the trial court granted the motion. Subsequently, the state discovered that defendant had not completed the sentence imposed, as required by ORS 137.225(1)(a) before a conviction can be set aside. On October 17, 1988, the state moved to set aside the order setting aside defendant's conviction. The court granted that motion on November 18, 1988.

Defendant's entire argument is:

"Once the time to appeal an order setting aside conviction has passed, a court lacks subject matter jurisdiction over the proceeding. *Yadon v. [State]*, 39 Or App 115, 591 P2d 402 (1979). Once the time for appeal has passed under ORS 19.026 and no appeal has been taken from an order setting aside a conviction, there is no conviction. *Yadon v. [State], supra.* If there is no conviction, there is nothing to reinstate."

He does not argue that the court abused its discretion or otherwise made an incorrect decision in setting aside the order; he only argues that the court had no jurisdiction.

*Yadon* is inapposite. The petitioner had been convicted of DUII in the district court. He sought post-conviction relief in the circuit court, ORS 138.510, which set aside the conviction and remanded the case to the district court for a new trial. After the appeal time had run, the circuit court, on the basis of the amended petition, vacated the earlier order remanding the case and dismissed the complaint. We held that the circuit court did not have subject matter jurisdiction, because the matter had been remanded to the district court, which had jurisdiction.

Here the circuit court did not lose jurisdiction simply because the appeal time had expired without an appeal. Trial courts retain subject matter jurisdiction in a number of specific instances and as a matter of inherent power. The authority of a court to act within its jurisdiction may be limited, but defendant does not raise that issue.

Affirmed.